## Rembrandt Peale *v.* J. Edward Addicks, Appellant.

*Promissory notes—Accommodation note—Indorsement.*

In an action upon a promissory note by an indorsee after maturity against the second indorser who was the president of a corporation which made the note to its own order and indorsed it, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence for the defendant, contradicted by that of the plaintiff, was in effect that the defendant had indorsed the note solely for the accommodation of the third indorser and not for the accommodation of the corporation of which defendant was president.

Argued March 21, 1899.      Appeal, No. 423, Jan. T., 1898, by defendant, from judgment of C. P. No. 2, Phila. Co.. June T., 1895, No. 231, on verdict for plaintiff.    Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note.  Before PENNYPACKER, P. J.

At the trial it appeared that an action was brought against the indorsee on the following note :

" $1,500.                          WOODBRIDGE, N. J., Jan. 18, 1895.

" Three months after date the Staten Island Terra Cotta Lumber Co. promises to pay to the order of ourselves fifteen hundred dollars at the First National Bank, Jersey City, N. J.

" Value received.

"Staten Island Terra Cotta Lumber Co.

" By GEORGE A. KELLY,

" Treasurer.

" No. 60.    Due April 21st.

(Indorsed)  " Staten Island Terra Cotta Lumber Company.

"GEORGE A. KELLY, Treas.

" J. EDWARD ADDICKS,

" JOHN W. PEALE."

The defendant offered evidence which tended to show that he had indorsed the note solely for the accommodation of John W. Peale, the subsequent indorser.   The evidence for the plaintiff tended to show that defendant had indorsed the note for the accommodation of the Staten Island Terra Cotta Company, of which he was president.

The plaintiff took the note after maturity.

The court charged as follows :

This suit is brought by the plaintiff to recover against the defendant as indorser on a promissory note, for the sum of $1,500, dated January 18, 1895. The note was drawn by the Staten Island Terra Cotta Lumber Company, of which the defendant was president, to its own order, and was indorsed by that company, and then indorsed by the defendant ; and it appears it was given to a man named John W. Peale in payment of coal which had been furnished by Peale to the Terra Cotta Lumber Company. It was taken by the plaintiff here after maturity, and, therefore, if there is any defense by the defendant here which can be set up against John W. Peale, it is also a defense against the plaintiff here, Rembrandt Peale. [Now, the defense which it is contended that the defendant has made out here is, that the note was indorsed solely for the accommodation of Peale and at his request. If that has been made out to your satisfaction, then it constitutes a good defense against the plaintiff ; and the question you are called upon to determine under the evidence that has been presented to you is as to whether this note was indorsed by the defendant for the accommodation of John W. Peale, and for his accommodation alone, or was it indorsed as an accommodation to the lumber company, of which the defendant was president. If it was indorsed by him to accommodate the lumber company, then there is no defense in this case.] [3] Now, that is the simple question of fact which you are called upon to determine, and it is a matter exclusively for your determination. It is for you to weigh the evidence, and see to what it points. You will look at the circumstances of the case, and see what they indicate. [Men do not act without a motive at all, and generally, if you inquire into it carefully, you are able to determine questions of this kind.

The defendant here was president of the lumber company. It appears that he held at least $100,000 of its bonds, and he also tells us that he had a majority of the stock. He was, therefore, to that extent at least, interested in the welfare of this company. Now, what would be his reason for indorsing in order to accommodate Mr. Peale ? Has it been shown that there was such a relation of friendship or obligation as to supply,

in your minds, the purpose which would induce him to indorse simply to accommodate Mr. Peale ? ] [4]

These are some of the facts which are presented to you, and which you will have to consider.

The defendant relies upon his own testimony, and he tells you that he did indorse it to accommodate Mr. Peale, and at Mr. Peale's request. You will give to that testimony such weight as in your judgment it deserves. The defendant also relies upon the letter which was written by Mr. Peale, dated February 2, 1895, and which was written by Mr. Peale prior to this indorsement. You will have that letter before you and you want to examine it with very considerable care. I have read it and it seems to me to be more or less uncertain in its style. One of the paragraphs of the letter is : " I do not ask you to indorse this paper for the reason that I am dissatisfied with your company's financial standing, but for the reason that since Mr. Kelly allowed the note due in December to go to protest, and, in fact, stopped payment on it, the National Bank of North America will not have anything to do with your company's paper without your indorsement." While that would seem to express a reason on the part of Mr. Peale which was personal to him when he says he does not ask for the indorsement for the reason that he doubts the financial standing of the company, the next paragraph of the letter seems to indicate a different thought. " Since the trouble of December on the note presented was through no fault of mine, but entirely a matter between your company and Mr. Kelly, I think that it is no more than right that you should indorse this paper for your company." That expresses the thought that Mr. Peale had in his mind that the defendant here was under some obligation. He says that it would be only right that the defendant should indorse it, and he says further that his thought is that it would be only right, not that he should indorse it for himself (Peale) nor for any obligation between them, but " for your company." So that, on the whole, while it is a question of fact for you, and you must say what was meant by the parties, it seems to me that that letter is more or less uncertain upon the question that is presented to you.

You will have also out before you the letters between the officers of the lumber company and Mr. Peale. Those letters, in

the hurry of the trial, I have not had the opportunity of looking at very carefully, but you will have them before you, and you can examine them at your leisure. As I recall them, they express on the part of the officers the thought that Mr. Peale had refused to furnish further coal to the company unless the notes were indorsed, and that that was consummated by an agreement between them that they should be indorsed by Mr. Addicks. Well, if that is what the letters show, that would indicate a purpose which would account for the fact of these indorsements appearing upon those notes.

These are all the questions which have impressed me in the course of the trial, or substantially all of them, and I say again it is purely a question of fact for you to decide. Did the defendant indorse this note in order to accommodate Mr. Peale, or did he indorse the note in order to accommodate the company, of which he was president?

Defendant's points and the answers thereto among others were as follows:

6. If the jury find that John W. Peale, by his letter of February 2, 1895, requested the defendant to indorse the note in suit, so that he might use the same with his bank, and that as a result of this request defendant did subsequently indorse the note without consideration, and to accommodate the plaintiff, verdict must be for the defendant, notwithstanding the fact that defendant was interested in the Terra Cotta Lumber Company, and desired to accommodate it also. *Answer:* I decline that point. [2]

7. Under all the facts in this case, verdict must be for the defendant. *Answer:* I decline that point. [1]

Verdict and judgment for plaintiff for $1,812.61. Defendant appealed.

*Errors assigned* among others were (1–4) above instructions, quoting them.

*C. Berkeley Taylor*, for appellant.

*John G. Johnson*, for appellee.

PER CURIAM, April 3, 1899:

This suit is on a promissory note, at three months from Jan

uary 18, 1895, for $1,500, made by the Staten Island Terra Cotta Lumber Company, of which defendant was president, to that company's own order and by it indorsed, and then indorsed by the defendant.

It appears that the note was given to John W. Peale for coal furnished by him to the Terra Cotta Lumber Company, and was taken by the plaintiff, Rembrandt Peale, after maturity, and hence, in his hands, it was subject to any defense which the defendant here could legally interpose against John W. Peale.

Without referring in detail to the plaintiff's evidence in chief, it is sufficient to say that it made out a clear prima facie case in his favor. To meet that, the defendant alleged and testified that the note in suit was indorsed by him at the request of, and solely for the accommodation of John W. Peale. The plaintiff introduced and relied on rebutting evidence, tending to prove that the note was not indorsed for the accommodation of John W. Peale, but for the accommodation and benefit of the maker, the Terra Cotta Lumber Company, of which defendant was president.

The learned president of the common pleas fairly and impartially submitted the case to the jury, on all the evidence, with full, correct and adequate instructions as to the law relating to the facts which the evidence on either side tended to prove. Among other things, he instructed them that if the note was indorsed solely for the accommodation of John W. Peale and at his request there could be no recovery ; " if that has been made out to your satisfaction, then it constitutes a good defense against the plaintiff, and the question you are called upon to determine under the evidence that has been presented to you is whether this note was indorsed by the defendant for the accommodation of John W. Peale, and for his accommodation alone, or was it indorsed as an accommodation to the lumber company of which he was president. If it was indorsed by him to accommodate the lumber company, then there is no defense in this case."

In affirming defendant's first to fifth points for charge, he further instructed the jury to the same effect, and on same general lines ; but he rightly refused to affirm his two remaining points, in the last of which he was requested to say that, " under all the facts in this case the verdict must be for the defendant."

The jury found in favor of the plaintiff for the amount of the note with interest and costs of protest. This is manifestly in accordance with the decided weight of the evidence. In view of the instructions under which the jury acted, they must have found as a fact that the note was not indorsed solely for the accommodation of John W. Peale, as alleged by the defendant. This effectually disposed of the defense; and it would have been well if litigation had ended there.

We find nothing in either of the nine specifications of error that requires discussion. They are all overruled.

Judgment affirmed.